FILED
CLERK, U.S. DISTRICT COURT
5/19/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___TV___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GLORIA JANET SANTIBANEZ,<br>  aka "Gloria Janeth Santibanez,"<br>  aka "Necia,"<br><br>    Defendant. | CR 2:23-cr-00246-DMG<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

[18 U.S.C. § 922(g)(1)]

On or about May 6, 2023, in Los Angeles County, within the Central District of California, defendant GLORIA JANET SANTIBANEZ, also known as ("aka") "Gloria Janeth Santibanez," aka "Necia," knowingly possessed ammunition, namely, one round of PMC 9mm Luger caliber ammunition, and one round of Winchester 9mm Luger caliber ammunition, both of which were contained inside a 9mm caliber semiautomatic pistol of unknown manufacturer and bearing no serial number (commonly referred to as a "ghost gun"), in and affecting interstate commerce.

Defendant SANTIBANEZ possessed such ammunition knowing that she had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Unlawful Taking or Driving of Vehicle, in violation of California Vehicle Code Section 10851(a), in the Superior Court of the State of California, County of Los Angeles, Case Number GA083766, on or about July 28, 2011;

2. Attempted Grand Theft Auto, in violation of California Penal Code Section 664/487(d)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number TA119128, on or about August 3, 2011;

3. Evading a Peace Officer, in violation of California Vehicle Code Section 2800.2, in the Superior Court of the State of California, County of Los Angeles, Case Number BA410520, on or about May 9, 2013;

4. Unlawful Taking or Driving of Vehicle, in violation of California Vehicle Code Section 10851(a), in the Superior Court of the State of California, County of Los Angeles, Case Number BA410520, on or about May 9, 2013;

5. Evading a Peace Officer, in violation of California Vehicle Code Section 2800.2, in the Superior Court of the State of California, County of Los Angeles, Case Number BA427438, on or about September 10, 2014;

6. Vehicle Theft with a Prior Felony Vehicle Theft Conviction, in violation of California Penal Code Section 666.5, in the Superior Court of the State of California, County of Los Angeles, Case Number BA427438, on or about September 10, 2014;

7.   Assault with a Deadly Weapon, in violation of California Penal Code Section 245(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number BA465407, on or about April 11, 2018; and

8.   Resisting an Executive Officer, in violation of California Penal Code Section 69, in the Superior Court of the State of California, County of Los Angeles, Case Number GA102905, on or about April 16, 2018.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in the sole count of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

//

//

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                    A TRUE BILL

                                    /S/
                                  Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes Section

KYLE W. KAHAN
Assistant United States Attorney
General Crimes Section